UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

ALEXASANDR MKRTCHAN, for himself and on
behalf of others similarly situated, et. al.,

                                        Plaintiffs,              **ANSWER TO**
- against -                                   **SECOND AMENDED COMPLAINT**

                                                          Case No.: 7:23-cv-10770 (KMK)
ORANGE COUNTY, NEW YORK, et. al.,

                                        Defendants.

―――――――――――――――――――――――――――――――――

Defendant County of Dutchess ("Dutchess") and Heidi Seebach, as Commissioner of Finance (collectively both of these Defendants shall be referred to as the "COUNTY DEFENDANTS") by and through their attorneys, **HARRIS BEACH PLLC**, as for their Answer to the Second Amended Complaint/styled as a Class Action ("Complaint"), respond as follows:

## INTRODUCTION

With respect to the allegations contained in the portion entitled "Introduction" of the Plaintiffs' Complaint that set forth conclusions of law, no response is required. The COUNTY DEFENDANTS refer to the statutes and authorities cited therein for their true and complete content. The COUNTY DEFENDANTS admit that the Plaintiffs purport to bring their instant action as a collective and/or class action pursuant to the statutes and authorities cited therein.

## JURISDICTION AND VENUE

1. With respect to the allegations in paragraph 1, the COUNTY DEFENDANTS deny this Court has subject matter jurisdiction and that they violated any of the statutes or authorities cited within that Paragraph with respect to the Plaintiffs and/or any similarly situated individuals who might comprise the alleged collective and/or class. The

COUNTY DEFENDANTS otherwise deny each and every remaining allegation in that Paragraph, including denial of subject matter jurisdiction.

2. With respect to the allegation in paragraph 2 of the Complaint that sets forth conclusions of law, no response is required. The COUNTY DEFENDANTS refer to the statutes and authorities cited therein for their true and complete content. The COUNTY DEFENDANTS deny that the Plaintiffs' claims that there is supplemental jurisdiction and otherwise deny each and every remaining allegation in that Paragraph.

3. In answering paragraph 3 of the Complaint, the COUNTY DEFENDANTS admit that the named Dutchess parties are still located in Southern District of New York and denies each and every other allegation contained within the paragraph.

## GENERAL ALLEGATIONS

4. The COUNTY DEFENDANTS deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 4, 6, 7, 10, 11, 28, 29, 30, 31, 32, 33, 34 and 35 of the Complaint as it relates to COUNTY DEFENDANTS, as defined in this Answer.

5. With respect to the allegations contained in paragraphs 14-27, 49, 50, 56, 57, 62, 63, 64, 65, 66 and 67 of the Complaint, these paragraphs state and set forth conclusions of law for which no response is required. The COUNTY DEFENDANTS refer to the statutes cited therein for their true and complete content, and otherwise deny each and every remaining allegation contained in the paragraphs.

6. The COUNTY DEFENDANTS admit the allegations contained in paragraphs 5, 8, 9, 12 and 13 [as to Plaintiff Fergus].

7. The COUNTY DEFENDANTS admit so much of paragraph 82 that when an owner of the property does not pay the delinquent taxes and otherwise fails to timely respond or

2

seek relief, there is a complete forfeiture of property rights under applicable well-settled New York law.

### AS TO SPECIFIC ALLEGATIONS BY CLASS REPRESENTATIVE PLAINTIFF FERGUS AGAINST DUTCHESS COUNTY AND ITS OFFICIAL

8. Defendant Dutchess admits the allegations contained in paragraphs 36, 37 and 39 of the Complaint.

9. Defendant Dutchess denies the allegations contained in paragraphs 38, 40, 41, 42 and 43 of the Complaint.

### AS TO ALLEGATIONS BY GOVERNMENTAL ACTIONS AND COLOR OF LAW

10. Defendant Dutchess admits the allegations contained in paragraphs 44, 45, 46, 47 and 48 of the Complaint.

11. Defendant Dutchess denies the allegations contained in paragraphs 49, 50, 51, 52, 53, 54, 55, 56 and 57 of the Complaint.

### AS TO ALLEGATIONS FOR VIOLATION OF THE UNITED STATES CONSTITUTION

12. With respect to the allegations contained in paragraphs 58, 59 and 60 of the Complaint, these paragraphs state and set forth conclusions of law for which no response is required.

### AS TO ALLEGATIONS RELATED TO NEW YORK STATE STATUES

13. With respect to the allegations contained in paragraphs 61 and 64 of the Complaint, these paragraphs state and set forth conclusions of law for which no response is required.

14. The COUNTY DEFENDANTS deny the allegations contained in paragraphs 62, 63, 65, 66 and 67.

## CLASS ACTION ALLEGATIONS

15. The COUNTY DEFENDANTS deny the allegations contained in paragraphs 68, *Numerosity*-71, *Commonality*-72(a)-(1), <u>Typicality</u>–64, <u>Adequacy</u>–65, <u>Superiority</u> 66-67, <u>Rule 23</u> – 68-71 [Incorrect and duplicative numbering of paragraphs 64-71 in this Section] of the Complaint.

16. The COUNTY DEFENDANTS assert that paragraphs 69, and 70 and 72 contain conclusions of law for which no response is required.

## COUNT I

**[Violation of the Takings Clause of the Fifth Amendment of the US Constitution]**

17. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-16 above as if fully set forth herein.

18. In response to <u>Count I</u>, the COUNTY DEFENDANTS admit the allegations contained in paragraph 76-78 of the Complaint; however, some parcels are sold at a loss or deficiency.

19. In response to <u>Count I</u>, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 73, 74, 75, 79, 80 and 81 of the Complaint.

## COUNT II

**[Takings in violation of Article I, § 7, of the NYS Constitution]**

20. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-19 as if fully set forth herein.

21. In response to Count II of the Complaint, the COUNTY DEFENDANTS deny the legal characterizations contained in paragraphs 83, 86, and 87 and otherwise denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations made in such paragraphs.

22. With respect to paragraph 85 of the Complaint, the COUNTY DEFENDANTS acted in accordance with Real Property Tax Law ("RPTL").

23. The COUNTY DEFENDANTS deny the allegations contained in paragraphs 84, 88 and 89 of the Complaint.

## COUNT III

### [Imposition of excessive fines in violation of the Eighth Amendment to the US Constitution]

24. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-23 as if fully set forth herein.

25. In response to Count III of the Complaint, the COUNTY DEFENDANTS admit so much of paragraphs 91, 92 and 93 that under the applicable provisions of New York RPTL, the legislative purpose for the provision at issue is to deter persistent and intentional non-payment of real property taxes owed to local governments and admit that the COUNTY DEFENDANTS engaged in actions to further the State Law purposes of assessment, levy and collection of taxes by utilizing a uniform, efficient and plain set of procedures.

26. The COUNTY DEFENDANTS deny the allegations contained in paragraphs 94, 95, 96 and 97 of the Complaint.

## COUNT IV

**[Imposition of excessive fines Article I, § 5, of the NYS Constitution]**

27. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-26 as if fully set forth herein.

28. In response to Count IV of the Complaint, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 100, 101 and 102 therein.

29. With respect to paragraph 99, it sets forth conclusions of law and no response is required. The COUNTY DEFENDANTS refer to the statute and case authorities referenced therein for their true and complete content.

## COUNT V

**[Declaratory Judgment that NYRPTL as Described Herein,** *inter alia*, **violates the Fifth, Eighth, and Fourteenth Amendments to the US Constitution]**

30. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-29 as if fully set forth herein.

31. In response to Count V, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 104, 105, 106 and 107 of the Complaint.

## COUNT V

**[Unjust Enrichment]**

32. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted to paragraphs 1-31 as if fully set forth herein.

33. In response to Count VI, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 109, 110, 111, 112, 113, 114 and 115 of the Complaint.

## COUNT VII

### [Money Had and Received]

34. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-33 as if fully set forth herein.

35. In response to Count VII, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 117, 118, 119, 120, 121, 122 and 123 of the Complaint.

## COUNT VIII

### [Inverse Condemnation]

36. The COUNTY DEFENDANTS repeat, reallege and reiterate each and every admission, and denials asserted in paragraphs 1-35 as if fully set forth herein.

37. In response to Count VIII, the COUNTY DEFENDANTS deny the allegations contained in paragraphs 125 and 126 of the Complaint.

38. The COUNTY DEFENDANTS deny each and every other remaining allegation not hereinbefore specifically admitted or otherwise denied.

39. The Complaint does not contain a section of factual allegations for the Plaintiffs listed describing the foreclosure process, the notices received by each named Plaintiff, and any contextual legislative history.

## RELEVANT LEGISLATIVE HISTORY TO DEVELOP STATE UNIFORM FORECLOSURE PROCEDURE

40. Despite the disparaging and mischaracterization of New York State's foreclosure process in the Complaint, the legislative history related to the amendments to the New York RPTL is instructive and important to note here.

41. As part of the State of New York response to the U.S. Supreme Court decision in *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791 (1983), the New York State Legislature and

Governor negotiated amendments to Article 11 of the RPTL to provide a uniform set of rules for tax collections by local governments.

42.    Under the resulting bill entitled the "Uniform Delinquent Tax Enforcement Act" passed in 1993-1994 [RPTL, Article 11], the New York legislature enacted a constitutionally complete and exhaustive tax collection, enforcement, and administrative program by amendments to RPTL, Article 11.

43.    For important background to provide context and set forth a proper record to clear up the inaccurate and disparaging statements contained in the <u>Introduction</u> section of the Complaint attempting to describe New York State's delinquent tax collection process, the Legislative Bill Jacket is helpful for judicial notice. A copy of key excerpts from the Bill Jacket are annexed hereto as **Exhibit A**.

44.    Of note as part of the legislative process, the State analyzed and weighed the various policy issues related to development of a uniform system to collect delinquent tax revenue state-wide.

## **RELEVANT BACKGROUND FACTS**

45.    There are numerous Plaintiffs in this action.

46.    There are numerous properties, auction dates, default dates and different Judgment of Foreclosure dates.

47.    As general applicable background, each of the COUNTY DEFENDANTS as part of collection of tax liens on real property located in the Counties, files a list of delinquent tax liens held or owned by the counties with the Clerk of each of the COUNTY DEFENDANTS.

48.    The COUNTY DEFENDANTS follow the statutory procedure set forth in [RPTL, Article 11] in connection with its foreclosure process, and also have the option, upon proper demand by the taxpayer, to follow alternative methods under Article 9 of RPTL.

49. After the filing of the list of delinquent taxes, the COUNTY DEFENDANTS, after a period of at least 21-months or approximately two years following the lien date, commence a foreclosure proceeding by filing a Notice of Petition and Petition with the Clerk.

50. Pursuant to the applicable RPTL statutory procedure, the Notice and Petition of Foreclosure ("Foreclosure Pleadings") is published three (3) non-consecutive weeks over a two (2) month period in papers of wide circulation in each of the counties.

51. The Foreclosure Pleadings are also posted in each of the COUNTY DEFENDANTS' attorneys' offices, the COUNTY DEFENDANTS court complexes, and the counties clerks' offices.

52. Further, and consistent with the applicable RPTL statute, each of the COUNTY DEFENDANTS send the Foreclosure Pleadings by both first-class mail and certified mail to those persons whose interest is a matter of public record or any other person who filed a declaration of interest.

53. After a period of ninety (90) days as particularly described in the posted and personal notice, the owner of the tax delinquent parcel must either be redeemed by payment or file a verified answer to protect the delinquent property tax owner's rights, including any equitable rights or by motion seek to convert the collection to the alternative method under RPTL, Article 9.

54. Unfortunately, each Representative Plaintiff listed in this action failed to either redeem by payment or file an answer or motion for equitable relief.

55. As a result of such failures to respond, inaction and intentional default, each of the COUNTY DEFENDANTS had to make, in each instance, an application for a judgment to a New York State supreme court justice.

56. For each Plaintiff, the COUNTY DEFENDANTS filed a motion pursuant to RPTL § 1131 seeking the entry of a default judgment in favor of the COUNTY DEFENDANTS, as Petitioner.

57. The COUNTY DEFENDANTS, consistent with the applicable New York State statutory law and each of the COUNTY DEFENDANTS' Local Laws, obtained a Judgment of Foreclosure against each listed Class Action Representative Plaintiff [Fergus]. (See annexed **Exhibits B** [Class Action Plaintiff Exhibits]).

58. It is undisputed that all applicable procedures were followed by the COUNTY DEFENDANTS in connection with the foreclosure process.

59. No Plaintiff challenged the applicable Judgment of Foreclosure rendered in their proceeding.

60. Each Plaintiff received notice and knew that failure to redeem or otherwise act could result in their private property being deemed to be abandoned and to lapse upon the failure of Plaintiffs to take reasonable actions imposed by law.

61. Plaintiffs directly challenge the COUNTY DEFENDANTS' tax foreclosure process with such COUNTY DEFENDANTS' actions being consistent with the valid RPTL provisions and case precedents interpreting the RPTL as of May 2023.

62. All of the Plaintiffs' claims for excess proceeds are for foreclosure proceedings that occurred prior to May 2023.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. This Court lacks subject matter jurisdiction because the issues presented involve a political question that must be resolved by executive and legislative branches of state government.

64. To be precise, both of these branches of New York government are currently working on that political question to balance the public interest of collecting tax revenues and any impairment by such efforts on private parties.

   (a) As an example, in New York State, there is a pending political discussion related to the state legislature amending existing state statutory provisions of the RPTL to address the distribution of potential surplus realized by a tax district upon the sale of tax-foreclosed property; sets a maximum delinquent tax interest rate payments due on owner occupied residential real property of no greater than the effective prime rate; establishes senior, disabled, and veteran homeowner real property tax assistance programs. The RPTL Article amended language as contained in the Senate Budget Bill (A08805C) as part of the Budget Bill was passed on or about April 18, 2024 by the NY State Legislature and signed by the Governor on April 23, 2024. (See **Exhibit C** annexed hereto).

65. In addition, this Court lacks subject matter jurisdiction because Plaintiffs' claims are a collateral attack on state court judgments supported by well-established legal precedent, including the highest court of New York State.

66. In summary, this Court lacks subject jurisdiction on two grounds. First, the Plaintiffs' claims involve a political question that historically and even now can be resolved efficiently with legislation. Second, the Complaint is barred under 28 U.S.C. §1257 as interpreted by the *Rooker-Feldman* Doctrine.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. The Complaint fails to state a cause of action for which relief can be granted.

68. Specifically, the Complaint seeks relief that would compel the COUNTY DEFENDANTS, which sell county-owned property after foreclosure, to pay public funds to a private party (Plaintiffs) in violation of the New York State Constitution on the prohibition against gifts to any private party. [NY State Constitution Art. VIII, §1].

69. Further, the lengthy redemption period, under the uniform New York statutory process for tax foreclosures, affords the delinquent taxpayers an opportunity to avoid a full forfeiture and as such the New York statutes are constitutionally sufficient.

70. The Complaint fails to state a claim against the "official capacity" individually named Defendant herein: Heidi Seebach, named as Commissioner of Finance.

71. The claims against these County officials are duplicative and redundant because the claim against the County official is treated as an action against the County itself.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. The Complaint fails to join an indispensable party.

73. Specifically, there are no allegations against the State of New York identifying the state political bodies (legislative or executive), state departments or subdivisions responsible for creating or implementing the alleged policy or practice alleged to be a violation is insufficient.

74. The Complaint does not contain a statement that Plaintiff's counsel has complied with Federal Rule of Civil Procedure 5.1 by providing notice of a constitutional question.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75. The Complaint is barred by the doctrine of collateral estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76. The Complaint is barred by the doctrine of *res judicata*.

77. In that regard, the Judgment of Foreclosures annexed as **Exhibits B** based on default resolved the issues between the COUNTY DEFENDANTS and the Plaintiffs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. The Complaint is barred by the doctrine of laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. To the extent that the claims made by Plaintiffs were not commenced within the time limited by law, the Complaint is barred by the statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. There should be no retroactivity of any recent court decisions applied to the COUNTY DEFENDANTS, as such proceedings have already been adjudicated by the New York State courts.

81. The administrative and fiscal burdens imposed upon the COUNTY DEFENDANTS by retroactive application of a new rule would be detrimental to tax revenue collection efforts.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

82. The COUNTY DEFENDANTS' actions complained of involve the proper exercise of tax collection enforcement activities under State Law, and as such, the claims are barred by the Tax Injunction Act, 28 U.S.C. §1341 ("TIA").

83. Further under the TIA, the Plaintiffs' claims for declaratory and injunctive relief are barred as a matter of law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

84. To the extent that Plaintiffs seek certification of a class or collective in the instant action, the Complaint fails because the individually named Class Action Plaintiff is an inadequate representative of any proposed class or collective.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

85. To the extent that the Plaintiffs seek certification of a class or collective in the instant action, the Complaint fails because the individually named Plaintiff is not "similarly situated" to the members of any proposed class or collective with respect to the statutes, regulations, and/or common-law theories pursuant to which this action is purportedly brought.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

86. Any claim for punitive and/or other damages not mandated by the statutory, regulatory, and/or common-law authority pursuant to which it is brought, must be dismissed because the COUNTY DEFENDANTS made reasonable and good-faith efforts to comply with all of the authorities pursuant to which this action is purportedly brought, and the

COUNTY DEFENDANTS at all times had reasonable grounds to believe that it had not violated any of the aforementioned authorities.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

87. Upon information and belief, to the extent that the Plaintiffs seek a class action to be certified in connection with their claims, the Complaint fails because the Plaintiffs cannot satisfy the prerequisites of commonality, numerosity, typicality, and/or adequacy of representation.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

88. The Plaintiffs' claims, and those of any individual member of any putative class or collective, must be dismissed to the extent that any Plaintiff or member has released such claims in connection with any prior settlement or agreement with the COUNTY DEFENDANTS.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

89. To the extent that the Court dismisses the Plaintiffs' federal law causes of action, all other causes of action should be dismissed as well because the Court should be declined to exercise pendent or supplemental jurisdiction over the remaining claims.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

90. The claims of any members of any putative class of collective are barred because this matter does not present a justiciable controversy, insofar as the representative Plaintiffs have been appropriately paid or received all just compensation owed.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

91. Plaintiffs have failed to file a Notice of Claim so as to comply with applicable state law provisions [NY County Law §52 and NY Gen. Mun. Law §50-e] as a condition precedent to file claims of every name, nature and any other claims for damages arising at law or in equity against the COUNTY DEFENDANTS.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

92. The claims of any members of any putative class or collective are barred as a matter of law because the members of any purported class or collective are similarly situated neither to the purported representative Plaintiffs, nor to each other.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

93. The claims asserted in the Complaint are duplicative and redundant and as a result the duplicative claims should be dismissed.

**WHEREFORE**, the COUNTY DEFENDANTS hereby demand judgment dismissing the Complaint and awarding the costs and disbursements of this action together with such other and further relief as to this Court may deem just and proper.

Dated: Rochester, New York
June 10, 2024

_____
H. Todd Bullard
**HARRIS BEACH PLLC**
*Attorneys for Defendants:*
*Dutchess County and Heidi Seebach*
99 Garnsey Road
Pittsford, New York 14534
(585) 419-8800
Email: tbullard@harrisbeach.com

TO:   All Counsel of Record
      (via CM/ECF)