

# ORANGE COUNTY DEPARTMENT OF LAW

## RICHARD B. GOLDEN
### COUNTY ATTORNEY

**Steven M. Neuhaus**
County Executive

*Carol C. Pierce*
*Deputy County Attorney*

**Municipal Law Division**

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney    Holly L. Reinhardt
Marina V. O'Neill    Donna M. Badura
Lisa M. James        Stephanie T. Midler
Lia E. Fierro        Lisa M. Morgillo
Cedric A. Cooper     William S. Badura
Dante D. De Leo

**Family Law Division**

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz          David S. Meffert
Linda P. DaSilva          Stephanie Bazile
Ferol L. Reed-McDermott   Michael Rabiet
Karen A. Amundson         Tammy A. Delile
Eve I. Lincoln            Rebecca McGee
Stephen Toole

August 2, 2024

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York  10601

    Re:    Mkrtchyan et al f/k/a O'Hara, et al v. County of Orange et al.
             Civil Action 7:23-cv-10770-KMK

Dear Judge Karas:

    Please find attached a copy of the Order Denying Transfer from the United States Judicial Panel on Multidistrict Litigation.

                              Respectfully yours,

                              Matthew J. Nothnagle
                              Chief Assistant County Attorney

MJN/ag
Attachment
cc:     Counsel via Electronic Filing

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NEW YORK TAX FORECLOSURE
SURPLUS LITIGATION                                              MDL No. 3117

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in 31 actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of New York. The litigation consists of 35 actions—three putative class actions and 32 individual or multi-plaintiff actions—pending in three adjoining New York districts, as listed on Schedule A. The Panel has been notified of seven potentially-related actions pending in the Eastern, Northern, and Western Districts of New York. Plaintiffs in the Northern District of New York *Steele* and Southern District of New York *O'Hara* putative class actions support the motion, while plaintiffs in the Southern District of New York *Ramsey* and *Wolpert* individual actions oppose centralization. Defendants are some 34 New York municipalities and associated individual defendants.[1] All responding defendants either oppose centralization or oppose the inclusion of the actions against them in any MDL.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs filed these actions in the wake of the U.S. Supreme Court's ruling in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), which held that a government entity's retention of surplus proceeds after the sale of a property for unpaid property taxes, without adequate means for the foreclosed property owner to recover the surplus proceeds, is a taking of private property for public use without just compensation in violation of the Fifth Amendment to the Constitution. Plaintiffs allege that the county or city defendants foreclosed on their properties for unpaid taxes, and sold or retained title to the properties without

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] Defendants include Broome, Cayuga, Cortland, Clinton, Essex, Fulton, Jefferson, Montgomery, Oneida, Oswego, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, St. Lawrence, Tioga, Tompkins, Ulster, Warren, and Washington Counties in the Northern District of New York; Dutchess, Orange, and Sullivan Counties and the Cities of Hyde Park, Newburgh, and Port Jervis in the Southern District of New York; and Allegany, Cattaraugus, Chautauqua, Seneca, Steuben, and Wayne Counties and the City of Buffalo in the Western District of New York.

returning to plaintiffs the amount by which the properties' sale price or value exceeded the tax debts. They assert identical claims that defendants violated the Takings Clause of the Fifth Amendment, and most assert additional overlapping claims for unjust enrichment and violation of the Excessive Fines clause of the federal or New York Constitution.

The central factual questions to be resolved in each case, however—whether the property's value exceeded the amount of plaintiffs' tax debts, whether plaintiffs were afforded an adequate procedure for seeking to have any surplus returned to them, whether plaintiffs timely pursued any such procedure, and whether there are any co-owners of the properties or lienholders with potential claims—will be unique to each case. In addition, plaintiffs concede that the procedures and practices for foreclosing on properties differed from one county or city to the next. Thus, while actions against any particular defendant may involve some overlapping discovery regarding those procedures, there are at least 30 different county defendants and four different city defendants, and no defendant is named in more than three actions. In these circumstances, there would be few, if any, efficiencies to be gained by centralizing the actions for common discovery.

Movants argue that there are numerous threshold issues common to all actions, including which statute of limitations governs the actions; whether *Tyler v. Hennepin County* applies to foreclosures completed before the *Tyler* decision was issued; which provisions of the federal and New York Constitutions apply; whether plaintiffs must file a notice of claim under the New York General Municipal Law before they proceed with these actions; what common law causes of action are available under New York law; and whether recent amendments to New York's Real Property Tax Law[2] will have an impact on these actions. These are all issues of law, not fact. The Panel repeatedly has held that the presence of common issues of law does not justify Section 1407 transfer. See *In re Nat'l Ass'n for Advancement of Multijurisdiction Practice Litig.*, 52 F. Supp. 3d 1377, 1378 (J.P.M.L. 2014) (denying transfer because "common legal questions are insufficient to satisfy Section 1407's requirement of common factual questions"). Should there be any inconsistencies in the various courts' rulings on these issues, they can be resolved through appeals, all of which would be decided by the Court of Appeals for the Second Circuit.

In these circumstances, informal coordination seems preferable to centralization. See *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options."). All cases against each defendant already are pending in the same district. Moving plaintiffs in 30 actions are represented by the same counsel, who also represents plaintiffs in four of the potentially related actions. Plaintiffs in the Northern District of New York *Merckx* putative class action are co-movants, and counsel in the other two putative class actions state that they too have been coordinating with movants' counsel and will

---

[2] N.Y. REAL PROP. TAX LAW, ART. 11 (Consol. 1993) was amended in 2024 and sets out procedures for determining whether any surplus was realized through a foreclosure and for the foreclosed property owner to file a claim for the surplus. 2024 Sess. Law Ch. 55 (A.8805-C, Part BB) (signed into law April 20, 2024).

- 3 -

continue to do so. Cooperation among the relatively few involved counsel seems eminently feasible.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: NEW YORK TAX FORECLOSURE
SURPLUS LITIGATION                                            MDL No. 3117

## SCHEDULE A

Northern District of New York

POLIZZI, ET AL. v. COUNTY OF SCHOHARIE, ET AL., C.A. No. 1:23−01311
MERCKX, ET AL. v. RENSSELAER COUNTY, ET AL., C.A. No. 1:23−01354
PLATE, ET AL. v. COUNTY OF ULSTER, ET AL., C.A. No. 1:23−01539
CHMURA, ET AL. v. COUNTY OF SCHENECTADY, ET AL., C.A. No. 1:23−01574
STEELE, ET AL. v. SARATOGA COUNTY, NEW YORK, ET AL., C.A. No.
    1:23−01615
SITTS, ET AL. v. COUNTY OF SARATOGA, ET AL., C.A. No. 1:23−01649
ARMER, ET AL. v. COUNTY OF MONTGOMERY, ET AL., C.A. No. 1:24−00259
WHITE, ET AL. v. COUNTY OF RENSSELAER, ET AL., C.A. No. 1:24−00280
VOSE, ET AL. v. COUNTY OF FULTON, ET AL., C.A. No. 1:24−00281
RICH, ET AL. v. COUNTY OF WARREN, ET AL., C.A. No. 1:24−00314
VAUGHN, ET AL. v. COUNTY OF WASHINGTON, ET AL., C.A. No. 1:24−00327
BUSH, ET AL. v. COUNTY OF SCHOHARIE, C.A. No. 1:24−00328
WOLOSZYN, ET AL. v. COUNTY OF TIOGA, ET AL., C.A. No. 3:23−01585
STEPHENS, ET AL. v. COUNTY OF BROOME, ET AL., C.A. No. 3:24−00009
PLACE v. COUNTY OF BROOME, ET AL., C.A. No. 3:24−00258
BEUTEL, ET AL. v. COUNTY OF JEFFERSON, ET AL., C.A. No. 5:23−01603
ROSETTI, ET AL. v. COUNTY OF CAYUGA, C.A. No. 5:24−00015
COSSETTE, ET AL. v. COUNTY OF ONEIDA, ET AL., C.A. No. 6:23−01587
DEANDREA, ET AL. v. COUNTY OF OTSEGO, ET AL., C.A. No. 6:24−00287
ANDERSON, ET AL. v. COUNTY OF ST. LAWRENCE, ET AL., C.A. No.
    8:23−01524
CLEAR LAKE LAND CO., ET AL. v. COUNTY OF ST. LAWRENCE, ET AL.,
    C.A. No. 8:23−01606
BLANCHARD, ET AL. v. COUNTY OF ESSEX, C.A. No. 8:24−00250
FEIMANN, ET AL. v. COUNTY OF CLINTON, ET AL., C.A. No. 8:24−00257

Southern District of New York

CAVALUZZI, ET AL. v. COUNTY OF SULLIVAN, ET AL., C.A. No. 1:23−11067
RAMSEY v. GASTON, ET AL., C.A. No. 7:23−08599
O'HARA v. ORANGE COUNTY, NEW YORK, ET AL., C.A. No. 7:23−10770
ARMF REALTY LLC, ET AL. v. COUNTY OF ORANGE, ET AL., C.A. No.
    7:23−11034
BOSE, ET AL. v. COUNTY OF DUTCHESS, C.A. No. 7:24−01333
WOLPERT v. DUTCHESS COUNTY, ET AL., C.A. No. 7:24−01809

Western District of New York

DICKENS, ET AL. v. COUNTY OF ALLEGANY, ET AL., C.A. No. 1:23−01332
BARNARD, ET AL. v. COUNTY OF CHAUTAUQUA, C.A. No. 1:24−00154
SEVINSKY, ET AL. v. COUNTY OF CATTARAUGUS, ET AL., C.A. No. 1:24−00186
LAWRENCE, ET AL. v. COUNTY OF WAYNE, ET AL., C.A. No. 6:24−06017
WILLIAMSON, ET AL. v. COUNTY OF STEUBEN, ET AL., C.A. No. 6:24−06129
WCMGC LLC, ET AL. v. COUNTY OF SENECA, ET AL., C.A. No. 6:24−06142